NO. 7876.

STATE OF LOUISIANA

CRESCENT FORWARDING
& TRANSPORTATION CO.

COURT OF APPEAL

VS

V. CAMPANELLA.

PARISH OF ORLEANS.

By his Honor John St. Paul.

This suit involves a claim and counter-claim for damages resulting from a collision between two automobiles, to-wit, a heavily loaded cotton float belonging to plaintiff and a light delivery truck belonging to defendant. Each party lays the blame upon the other's driver; and the solution of the controversy depends upon which of these two is telling the truth. The trial judge believed the account given by the driver of the float and our own appreciation of the evidence leads us to agree with him.

The driver of the float testifies that he was coming along Urania Street at slow speed and intends to turn into Coliseum Street, which crosses it at right angles; that as he approached the corner he sounded his horn and slackened his speed still further; that as he intended to turn <u>down</u> Coliseum Street, which meant a turn to the left, he made a long turn (i. e. going around the center of the intersection) so as to keep to his right, that is, the river side of Coliseum Street; that defendant's truck was then coming up Coliseum Street at a rapid rate and was about 70 feet from the corner of Urania when he saw it; but that instead of slowing down and keeping to the right, i. e. the wood side of the street, the truck swerved to the left in an attempt

to pass in front of the float; that on seeing this he
instantly stopped the float which had then reached the center of
the intersection and just begun to turn; but the driver of
the truck becoming panic stricken when he saw a collision
was imminent, jumped from the truck, which then crashed
into the float.

The driver of the truck testifies that he was going
up Coliseum Street keeping to his right, i. e. the wood side
of that street; that he was making between three and eight
miles an hour; that when he came within 20 or 30 feet of
the corner of Urania Street the float came out of that
street, making a wide swing into Coliseum and then doubled
back in order to get on the wood side so as to make another
long swing into the next cross street below; and "going
25 miles an hour whilst making the curve" bore down upon
him "face to face"; wherefore he was obliged to turn to the
left as the only possible means of avoiding a collision;
that he heard no horn sounded, and did not jump from the
truck. A friend who was with him testifies substantially
as he does.

But the version which they give is manifestly an
impossible one; a long and heavily loaded float could not
make the sharp turn which they describe even at slow speed,
much less at the high rate of speed they claim. On the other
hand the version given by the driver of the float is neither

154

impossible nor improbable, and argues one of two things, to-wit, either the driver of the truck was inattentive and did not see the float until too late (his friend saying that when he got to the corner of Urania Street he "looked up" and saw the float); or else he was in a hurry, and seeing the slow moving float thought he could save time by "cutting in front" of it, as the driver of the float says he attempted to do. Which the latter view seems to have been the one taken by the trial judge, and appears to us the more likely. In either case however the driver of the truck was clearly at fault.

The judgment appealed from is therefore correct.

Judgment Affirmed.